## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FAUSTINO XAVIER BETANCOURT-COLON | |
| Plaintiff | CIVIL NO. 20-01424 |
| Vs. | |
| ACOBA REALTY DEVELOPMENT, INC.; SUPERMERCADOS MAXIMO, INC. | |
| Defendants | |

## ANSWER TO COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW** Codefendant Supermercados Maximo, Inc. ("SuperMax"), through its undersigned attorneys, and very respectfully states and prays as follows:

1.      Paragraph 1 of the Complaint is a brief description and characterization of Plaintiff's alleged claim, which is denied. In the alternative, said description and characterization states legal conclusions that require no response. In the event any of the allegations contained in Paragraph 1 are deemed factual in nature and directed against SuperMax, the same are denied. It is admitted, however, that SuperMax operates a business at Lago Alto Plaza, located in Trujillo Alto, Puerto Rico.

2.      Paragraph 2 of the Complaint describes the claims and remedies sought by Plaintiff and, as such, requires no response from the appearing party. In the event any of the allegations contained in Paragraph 2 are deemed factual in nature and directed against SuperMax, the same are denied. It is affirmatively averred that Plaintiff's requests for injunctive and declaratory relief

are not proper insofar as Plaintiff has failed to properly assert and meet and the necessary statutory requirements.

3.      Paragraph 3 of the Complaint is denied. It is affirmatively averred that there are no illegal barriers at SuperMax that require removal and that the appearing defendant has not violated the ADA. In the alternative, SuperMax affirmatively alleges, upon information and belief, that any potential violation to the ADA has been corrected and/or correction is underway. Hence, there is no need for this Court's intervention as there is no real and/or immediate threat that an illegal barrier may cause harm to the Plaintiff.

4.      Paragraph 4 of the Complaint presents Plaintiff's jurisdictional and legal statement that does not require a response from the appearing party. To the extent a response is required, SuperMax denies any liability under the ADA. Furthermore, SuperMax affirmatively avers that although this Court may have jurisdiction to entertain a properly filed claim under the ADA, the defects contained in Plaintiff's Complaint requires the dismissal of the instant Complaint.

5.      Paragraph 5 of the Complaint presents Plaintiff's jurisdictional and legal statement that does not require a response from the appearing party. To the extent a response is required, SuperMax denies any liability under the ADA. Furthermore, SuperMax affirmatively avers that although this Court may have jurisdiction to entertain a properly filed claim under the ADA, the defects contained in Plaintiff's Complaint requires the dismissal of the instant Complaint.

6.      Paragraph 6 of the Complaint contains Plaintiff's venue statement and, as such, does not require a responsive pleading. To the extent a response is required, the defects contained in Plaintiff's Complaint require dismissal of the instant case and, therefore, it follows that this District Court is not the appropriate venue for the filing of Plaintiff's claims. It is further

affirmatively averred that SuperMax denies any violation to the ADA or discriminatory actions towards Plaintiff (or any other similarly situated person for that matter).

7.      Paragraph 7 of the Complaint is denied as drafted. It is affirmatively averred that SuperMax operates a business at Lago Alto Plaza, located in Trujillo Alto, Puerto Rico.

8.      Paragraph 8 of the Complaint is denied for lack of sufficient information and knowledge to form a belief as to the truth of the averments as of this date.

9.      Paragraph 9 of the Complaint is denied as drafted and further denied for lack of sufficient information and knowledge to form a belief as to the truth of the averments as of this date.

10.     Paragraph 10 of the Complaint is denied for lack of sufficient information and knowledge to form a belief as to the truth of the averments as of this date. SuperMax denies any illegal barriers; and it affirmatively avers that it has not violated the ADA. Alternatively, SuperMax affirmatively alleges, upon information and belief, that any potential violation to the ADA has been corrected and/or correction is underway. Hence, there is no need for this Court's intervention as there is no real and/or immediate threat that an illegal barrier may cause harm to the Plaintiff.

11.     Paragraph 11 of the Complaint is denied for lack of sufficient information and knowledge to form a belief as to the truth of the averments as of this date. SuperMax denies any illegal barriers and it affirmatively avers that it has not violated the ADA. Alternatively, SuperMax affirmatively alleges, upon information and belief, that any potential violation to the ADA has been corrected and/or correction is underway. Hence, there is no need for this Court's intervention as there is no real and/or immediate threat that an illegal barrier may cause harm to the Plaintiff. Additionally, the allegations contained in paragraph 11 and subsections (a) through (i) are recitals

of law and conclusory references to statutory provisions that require no response. What is more, these are not directed towards SuperMax insofar as they relate to the parking lot and not SuperMax facilities.

12.     Paragraph 12 of the Complaint is denied as drafted. SuperMax denies any illegal barriers and it affirmatively avers that it has not violated the ADA. Alternatively, SuperMax affirmatively alleges, upon information and belief, that any potential violation to the ADA has been corrected and/or correction is underway. Hence, there is no need for this Court's intervention as there is no real and/or immediate threat that an illegal barrier may cause harm to the Plaintiff. Additionally, the allegations contained in paragraph 12 and subsections (a) through (e) are recitals of law and conclusory references to statutory provisions that require no response.

13.     Paragraph 13 of the Complaint is denied as drafted. SuperMax denies any illegal barriers and it affirmatively avers that it has not violated the ADA. Alternatively, SuperMax affirmatively alleges, upon information and belief, that any potential violation to the ADA has been corrected and/or correction is underway. Hence, there is no need for this Court's intervention as there is no real and/or immediate threat that an illegal barrier may cause harm to the Plaintiff. Additionally, the allegations contained in paragraph 13 are recitals of law and conclusory references to statutory provisions that require no response.

14.     Paragraph 14 of the Complaint is denied as drafted. SuperMax denies any illegal barriers and it affirmatively avers that it has not violated the ADA. Alternatively, SuperMax affirmatively alleges, upon information and belief, that any potential violation to the ADA has been corrected and/or correction is underway. Hence, there is no need for this Court's intervention as there is no real and/or immediate threat that an illegal barrier may cause harm to the Plaintiff. Additionally, the allegations contained in paragraph 14 and subsections (a) through (k) are recitals

of law and conclusory references to statutory provisions that require no response. What is more, Plaintiff fails to identify which facility is purportedly in violation of the ADA.

15.     Paragraph 15 of the Complaint is denied for lack of sufficient information and knowledge. SuperMax affirmatively avers that the allegations in paragraph 15 contains conclusory statements that require no response. To the extent a response is required as to these conclusions, it is hereby denied. Further, SuperMax denies any illegal barriers and it affirmatively avers that it has not violated the ADA. Alternatively, SuperMax affirmatively alleges, upon information and belief, that any potential violation to the ADA has been corrected and/or correction is underway. Hence, there is no need for this Court's intervention as there is no real and/or immediate threat that an illegal barrier may cause harm to the Plaintiff.

16.     Paragraph 16 of the Complaint is denied for lack of sufficient information and knowledge to form a belief as to the truth of the averments as of this date. SuperMax denies any illegal barriers and it affirmatively avers that it has not violated the ADA. Alternatively, SuperMax affirmatively alleges, upon information and belief, that any potential violation to the ADA has been corrected and/or correction is underway. Furthermore, SuperMax denies and rejects Plaintiff's intention of forever leaving open the idea of alleged ADA violations. Plaintiff must assert all alleged violations and purported illegal barriers that supposedly affect him and his access to the facility based on his disability. Any purported violation that Plaintiff has not encountered cannot be claimed. Furthermore, Plaintiff lacks standing.

17.     Paragraph 17 of the Complaint is denied for lack of sufficient information and knowledge to form a belief as to the truth of the averments as of this date. SuperMax denies any illegal barriers and it affirmatively avers that it has not violated the ADA. Alternatively, SuperMax

affirmatively alleges, upon information and belief, that any potential violation to the ADA has been corrected and/or correction is underway.

18.     Paragraph 18 of the Complaint is denied. SuperMax denies any illegal barriers and it affirmatively avers that it has not violated the ADA. Alternatively, SuperMax affirmatively alleges, upon information and belief, that any potential violation to the ADA has been corrected and/or correction is underway.

19.     Paragraph 19 of the Complaint is denied. SuperMax denies any illegal barriers and it affirmatively avers that it has not violated the ADA. Alternatively, SuperMax affirmatively alleges, upon information and belief, that any potential violation to the ADA has been corrected and/or correction is underway.

20.     Paragraph 20 of the Complaint is denied. SuperMax denies any illegal barriers or discriminatory action and it affirmatively avers that it has not violated the ADA. Alternatively, SuperMax affirmatively alleges, upon information and belief, that any potential violation to the ADA has been corrected and/or correction is underway.

21.     Paragraph 21 of the Complaint is full of speculative and conclusory statements that are hereby denied. Furthermore, paragraph 21 contains allegations not directed to SuperMax and, as such, require no response. To the extent one is required, said allegations are also denied. Further, SuperMax denies any illegal barriers or discriminatory action and it affirmatively avers that it has not violated the ADA. Alternatively, SuperMax affirmatively alleges, upon information and belief, that any potential violation to the ADA has been corrected and/or correction is underway.

22.     Paragraph 22 of the Complaint is full of speculative and conclusory statements not directed to SuperMax and, as such, require no response. To the extent one is required, said

allegations are denied. Further, SuperMax denies any illegal barriers or discriminatory action and it affirmatively avers that it has not violated the ADA.

23.     Paragraph 23 of the Complaint is full of speculative and conclusory statements not directed to SuperMax that require no response. Paragraph 23 further contains legal statements and conclusions that also require no response. To the extent one is required, said allegations are denied. Further, SuperMax denies any illegal barriers or discriminatory action and it affirmatively avers that it has not violated the ADA.

24.     Paragraph 24 of the Complaint is full of legal and conclusory statements not directed to SuperMax and therefore, do not require a response. To the extent one is required, said allegations are denied. Further, SuperMax denies any illegal barriers or discriminatory action and it affirmatively avers that it has not violated the ADA.

25.     By way of paragraph 25 of the Complaint Plaintiff simply incorporates his previous allegations (erroneously identified as "1 through 14"), therefore, SuperMax reasserts all previous responses with the same force and effect.

26.     Paragraph 26 of the Complaint is a legal statement that requires no response. If an implication is made that SuperMax failed to comply with the cited statutory provision, the allegation is then denied. Further, SuperMax denies any illegal barriers or discriminatory action and it affirmatively avers that it has not violated the ADA.

27.     Paragraph 27 of the Complaint is denied.

28.     Paragraph 28 of the Complaint is a legal statement that requires no response. If an implication is made that SuperMax failed to comply with the cited statutory provision, the allegation is then denied. Further, SuperMax denies any illegal barriers or discriminatory action and it affirmatively avers that it has not violated the ADA.

29.     Paragraph 29 of the Complaint is a legal statement that requires no response. If an implication is made that SuperMax failed to comply with the cited statutory provision, the allegation is then denied. Further, SuperMax denies any illegal barriers or discriminatory action and it affirmatively avers that it has not violated the ADA.

30.     Paragraph 30 of the Complaint is denied for insufficient information and knowledge to form a belief as to the truth of the averments as of this date.

31.     Paragraph 31 of the Complaint is denied for insufficient information and knowledge to form a belief as to the truth of the averments as of this date.

32.     The factual allegations contained in paragraph 32 of the Complaint are denied for insufficient information and knowledge to form a belief as to the truth of the averments as of this date. The legal statements and conclusions require no response. If an implication is made that SuperMax failed to comply with the cited statutory provision, the allegation is then denied. Further, SuperMax denies any illegal barriers or discriminatory action and it affirmatively avers that it has not violated the ADA.

33.     The factual allegations contained in paragraph 33 of the Complaint are denied for insufficient information and knowledge to form a belief as to the truth of the averments as of this date. The legal statements and conclusions require no response. If an implication is made that SuperMax failed to comply with the cited statutory provision, the allegation is then denied. Further, SuperMax denies any illegal barriers or discriminatory action and it affirmatively avers that it has not violated the ADA.

34.     Paragraph 34 of the Complaint is a legal statement and conclusion that requires no response. If an implication is made that SuperMax failed to comply with the cited statutory

provision, the allegation is then denied. Further, SuperMax denies any illegal barriers or discriminatory action and it affirmatively avers that it has not violated the ADA.

35.     Paragraph 35 of the Complaint is a legal statement and conclusion that requires no response. If an implication is made that SuperMax failed to comply with the cited statutory provision, the allegation is then denied. Further, SuperMax denies any illegal barriers or discriminatory action and it affirmatively avers that it has not violated the ADA.

36.     Paragraph 36 of the Complaint is denied. SuperMax denies any illegal barriers or discriminatory action and it affirmatively avers that it has not violated the ADA. Alternatively, SuperMax affirmatively alleges, upon information and belief, that any potential violation to the ADA has been corrected and/or correction is underway.

37.     Paragraph 37 of the Complaint is denied. SuperMax denies any illegal barriers or discriminatory action and it affirmatively avers that it has not violated the ADA. Alternatively, SuperMax affirmatively alleges, upon information and belief, that any potential violation to the ADA has been corrected and/or correction is underway.

38.     The factual allegations contained in paragraph 38 of the Complaint are denied for insufficient information and knowledge to form a belief as to the truth of the averments as of this date. The legal statements and conclusions require no response. If an implication is made that SuperMax failed to comply with the cited statutory provision, the allegation is then denied. Further, SuperMax denies any illegal barriers or discriminatory action and it affirmatively avers that it has not violated the ADA.

39.     Paragraph 39 of the Complaint is a legal statement and conclusion that requires no response. If an implication is made that SuperMax failed to comply with the cited statutory

provision, the allegation is then denied. Further, SuperMax denies any illegal barriers or discriminatory action and it affirmatively avers that it has not violated the ADA.

40.     Paragraph 40 of the Complaint is denied.

41.     The factual allegations contained in paragraph 41 of the Complaint are denied for insufficient information and knowledge to form a belief as to the truth of the averments as of this date. The legal statements and conclusions require no response. If an implication is made that SuperMax failed to comply with the cited statutory provision, the allegation is then denied. Further, SuperMax denies any illegal barriers or discriminatory action and it affirmatively avers that it has not violated the ADA.

42.     Paragraph 42 of the Complaint is a legal statement and conclusion that requires no response. If an implication is made that SuperMax failed to comply with the cited statutory provision, the allegation is then denied. Further, SuperMax denies any illegal barriers or discriminatory action and it affirmatively avers that it has not violated the ADA.

43.     Paragraph 43 of the Complaint is denied.

44.     Paragraph 44 of the Complaint is a legal statement and conclusion that requires no response. If an implication is made that SuperMax failed to comply with the cited statutory provision, the allegation is then denied. Further, SuperMax denies any illegal barriers or discriminatory action and it affirmatively avers that it has not violated the ADA.

45.     Paragraph 45 of the Complaint is denied.

46.     Paragraph 46 of the Complaint contains remedies sought by Plaintiff and, as such, it is denied that he is entitled to the remedies he claims under ADA. It is affirmatively averred that Plaintiff fails to allege and establish the necessary statutory requirements for a valid claim for injunctive or any other relief under the ADA.

47. Paragraph 47 of the Complaint as well as subsections (i) through (xii) are full of speculative, conclusory statements and legal conclusions that are hereby denied. Wherever an implication is made that SuperMax failed to comply with any of the cited statutory provision, the allegation is then denied. Further, SuperMax denies any illegal barriers or discriminatory action and it affirmatively avers that it has not violated the ADA.

48. SuperMax reasserts all previous responses with the same force and effect.

49. Paragraph 49 of the Complaint, including subsections (a) through (e) are denied.

50. Paragraph 50 of the Complaint is denied. SuperMax affirmatively avers that it has not violated the ADA. Alternatively, SuperMax affirmatively alleges, upon information and belief, that any potential violation to the ADA has been corrected and/or correction is underway.

51. The last section of Plaintiff's Complaint, entitled "Prayer for Relief", is full of conclusory, legal statements devoid of any factual allegations that would require a response. To the extent a response is required, all those allegations are denied. Further, in this section Plaintiff recites the remedies sought, which SuperMax hereby denies he is entitled to.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff has suffered no real damages.

3. Plaintiff is not entitled to injunctive relief; there is no irreparable harm.

4. Plaintiff lacks constitutional standing to bring this suit.

5. To prevail on an ADA Title III discrimination claim, the Plaintiff must show that (1) he is disabled within the meaning of the ADA, (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation, and (3) that plaintiff was denied public accommodations by the defendant because of his disability. Americans with Disabilities Act of

1990, § 302(a), 42 U.S.C.A. § 12182(a). Plaintiff lacks standing to bring the causes of action asserted in this Complaint.

6.     Plaintiff lacks standing to seek injunctive relief under Title III. Plaintiffs who seek injunctive relief must demonstrate that they themselves face a real and immediate threat of future harm. 42 U.S.C.A. § 12188(a)(1). *See*, <u>Sanchez v. ACAA</u>, 247 F.Supp.2d 61 (D.P.R. 2003). In this particular case, Plaintiff has failed to demonstrate that he faces a real and immediate threat of future harm; and he has failed to show that there is a likelihood of discrimination should he return to the facility.

7.     Plaintiff lacks standing to bring his claims as a "tester".

8.     Plaintiff's pleadings are defective from the standpoint of pleading notice standard and do not comply with the minimum standard that an allegation must conform to.

9.     Plaintiff's allegations in the Complaint do not comply with the minimum standard that an allegation must have, as ruled by the United States Supreme Court in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009); therefore Plaintiff's claims must be dismissed for failure to state a claim under which relief may be granted.

10.     The vast majority of Plaintiff's allegations are a recital of ADA sections relevant to public accommodations, together with Plaintiff's ultimate legal conclusion that the appearing defendant purportedly violated. Legal conclusions, however, are within the province of the Court, or the jury, and cannot substitute factual assertions. They even constitute grounds for early dismissal since they are not enough to make entitlement to relief plausible. *See*, <u>A.G. v. Elsevier, Inc.</u>, 732 F. 3d 77 (1st Cir. 2013).

11.     Plaintiff does not have a valid cause of action against SuperMax under Title III of the American with Disabilities Act, 42 U.S.C. §12181, et seq.

12.     Plaintiff's claims are totally or partially barred to the extent they have failed to satisfy the jurisdictional and/or statutory prerequisites for their cause of action or exhaust the appropriate administrative remedies, and/or comply with the appropriate statute of limitations period.

13.     SuperMax raises the equitable defense of laches.

14.     Plaintiff cannot recover damages as alleged, or any such damages recovered must be reduced, because of Plaintiff's unclean hands; and Plaintiff is thereby barred and precluded from seeking or securing injunctive or other equitable relief or any relief herein.

15.     The accommodations requested by Plaintiff are not readily achievable, feasible, and/or would result in an undue burden on SuperMax. And, making any such modifications as Plaintiff claims, would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations.

16.     Accommodations as requested by Plaintiff are structurally impracticable.

17.     The relief, in whole or in part, sought by Plaintiffs would constitute an undue burden to Defendant (42 U.S.C. § 12182(b)(2)(A)(iii)).

18.     Defendant's goods, services, facilities, privileges, advantages and accommodations, in whole or in part, are available through alternative methods.

19.     The relief sought by Plaintiff, in whole or in part, would require disproportionate costs.

20.     To the extent that the modifications sought by Plaintiff are required but not readily achievable, SuperMax may make its facility accessible through alternative methods.

21.    SuperMax avers, without admitting any liability whatsoever, that its conduct has always been legal and reasonable. Moreover, upon information and belief, access through readily achievable "alternative methods" such as customer service is adequately provided at its facility.

22.    Any potential violation to the ADA has already been corrected and/or correction is underway. Thus, there is no need for further court intervention because there is no real and immediate threat that an illegal barrier will cause future harm to the Plaintiff or any other individual similarly situated.

23.    Plaintiff's claim is moot.

24.    There is no controversy under ADA, hence, this Court lacks federal jurisdiction and must decline exercising supplemental jurisdiction over the state law claim.

25.    Plaintiff is not entitled to recover attorneys' fees under the ADA.

26.    The instant action is frivolous, has no basis in facts or law, presents no good faith basis for the advancement of applicable law, is characterized by temerity and obduracy in prosecuting a patently baseless and groundless claim. Moreover, the Complaint was filed in bad faith for vexatious and oppressive reasons with the sole intent of harassing and burdening SuperMax. For those reasons, the Plaintiff should be assessed all the costs, expenses and attorney's fees incurred by the appearing party.

27.    SuperMax is entitled to an award of attorney's fees and costs.

28.    Plaintiff does not have a valid cause of action against SuperMax under article 1802 of the Civil Code of Puerto Rico.

29.    Plaintiff's 1802 claim against SuperMax is time-barred.

30.    Plaintiff has failed to adequately plead a negligence claim against SuperMax.

31.    Plaintiff's tort claim is unfounded and speculative.

14

32.     No causal relationship exists between the Plaintiff's alleged injuries and damages and SuperMax alleged actions and/or omissions.

33.     Any damages that Plaintiff could have suffered are the result of his negligent actions and/or omissions.

34.     The damages alleged in the Complaint are uncertain, excessive, speculative and grossly exaggerated.

35.     Plaintiff failed to mitigate and/or minimize damages.

36.     SuperMax acted at all times within the established framework of its authority and duties.

37.     The damages alleged in the Complaint were the result of the sole and exclusive negligence and/or omissions and willful conduct of Plaintiff who assumed the risks of his own actions.

38.     Plaintiff incurred in comparative negligence.

39.     There was not a dangerous condition at the SuperMax facility.

40.     SuperMax did not have knowledge, either real or constructive, about dangerous conditions within its facility.

41.     The damages claimed in the Complaint were caused by the acts and/or error and/or omissions and/or negligence of a third party for which SuperMax is not liable or responsible as a matter of law.

42.     There was a superseding intervening cause which caused the alleged damages and for which SuperMax is not liable.

43.     SuperMax acted at all times relevant to this action in good faith, with proper care and never with negligence.

15

44.     Supermax denies any allegation of the Complaint that has not been expressly admitted.

45.     SuperMax reserves the right to amend and/or supplement its answers and affirmative defenses.

**WHEREFORE**, the appearing party respectfully requests this Honorable Court to enter Judgment dismissing Plaintiff's Complaint with prejudice, and further award costs, expenses and attorneys' fees to SuperMax.

**RESPECTFULLY SUBMITTED.**

**CERTIFICATE OF SERVICE:**  On this date a true and exact copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties.

In San Juan, Puerto Rico, this 23rd day of September, 2020.

s/*Juan Carlos Deliz*
JUAN CARLOS DELIZ
USDC-PR # 224702
E-mail:  jcdeliz@jgl.com

s/*Raquel M. Dulzaides*
RAQUEL M. DULZAIDES
USDC-PR No. 201406
Email: rdulzaides@jgl.com

**JIMÉNEZ, GRAFFAM & LAUSELL**
ATTORNEYS FOR CO-DEFENDANT
SUPERMERCADOS MAXIMO, INC.
P.O. BOX 366104
SAN JUAN, P. R. 00936-6104
TEL.:  (787) 767-1030
FAX:  (787) 751-4068