THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **FAUSTINO XAVIER BETANCOURT-COLON,**  Plaintiff,  v.  **ACOBA REALTY DEVELOPMENT, INC., ET AL**  Defendant. | **Civil No. 20-1424 (ADC)** |

## OPINION AND ORDER

Before the Court is plaintiff Faustino Xavier Betancourt-Colón's (plaintiff) motion to remand, **ECF No. 3**. For the following reasons, plaintiff's motion is **DENIED**.

I. **Background**

On July 11, 2020, plaintiff filed a complaint in the Commonwealth of Puerto Rico's Court of First Instance, Carolina Superior Court, alleging that co-defendants Acoba Realty Development ("Acoba") and Supermercado Máximo ("Supermercado") (jointly, "defendants") violated the Americans with Disabilities Act ("ADA"). **ECF No. 1-1.** Plaintiff sought injunctive and declaratory relief, as well as attorney's fees and costs. Id. Defendants were served with process on July 16, 2020. **ECF No. 1-2.**

On August 17, 2020, Acoba filed a notice of removal, **ECF No. 1**, along with Supermercado's consent to removal, in this Court, **ECF No. 1-3**. Acoba notified plaintiff and the Carolina Superior Court of the removal on August 18, 2020. **ECF No. 14-1.**

Immediately after, plaintiff filed a motion to remand on August 18, 2020. **ECF No. 3.** Plaintiff's motion is based on two arguments. In his first argument, plaintiff argues that Acoba failed to timely move for removal because Acoba served notice of the removal upon plaintiff and the state court a day after the thirty-day period provided in 28 U.S.C. § 1446(d) elapsed. Id at 3. Plaintiff's second argument stands for the proposition that Acoba failed to comply with all procedural requirements set forth in 28 U.S.C. § 1446(a), because Acoba did not include "a copy of all process, pleadings, and orders served upon [it]" in this action within thirty days following service of process. Id. Specifically, plaintiff posits that "co-defendant ACOBA failed to serve upon it a pleading titled 'Order of Injunction'… among other papers filed before the San Juan Superior Court." Id at 3.

On September 1, 2020, Acoba filed its response to plaintiff's motion to remand. **ECF No. 14**.

## II.     Legal Standard

The federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A defendant may remove to a district court a civil action over which the district court would have had original jurisdiction. Section 1446 provides that a defendant must file a notice of removal "together with a copy of all

process, pleadings, and orders served upon such defendant . . . in such action" within thirty days of receipt of the initial pleading. 28 U.S.C. § 1446(a)-(b). The defendant must then provide prompt notice to the plaintiff and the State court in order to "effect the removal." 28 U.S.C. § 1446(d).

### III. Discussion

As discussed before, plaintiff asks this Court to remand because Acoba did not serve upon him or the state court, within the required thirty days, notice of the petition to remand. However, it's clear from the statute's text that it does not require a defendant to provide notice within thirty days. Instead, it requires that the removing party provide notice "**promptly**" after filing a removal notice in the district court. 28 U.S.C. § 1446(d). Notably, plaintiff provides no caselaw that suggests serving copy of the notice of removal the following morning after the thirty-day removal period elapsed was not sufficiently prompt, especially where the state court took no action in the interim between the filing in district court and the notice. *See Warters v. Mass. Dep't of Trans.*, 2016 WL 7365171, at *3 (D. Mass. Dec. 19, 2016) (finding seventy-day delay not prompt where state court entered dismissal in the interim).

Plaintiff's second argument in support of his request for remand posits that Acoba failed to include a copy of the order of injunction filed in state court when it filed the removal notice. This argument is also unavailing. Contrary to plaintiff's unsupported theory, this Court has previously taken the position of many other district courts that "a minor procedural defect in filing 'a copy of all process, pleadings, and order' with the removal notice can be cured, and the

case may remain in federal court." *Mercado-Salinas v. Bart Enterprises Intern., Ltd.,* 669 F. Supp. 2d 176, 186 (D.P.R. 2009) (collecting cases). Moreover, as stated in defendant's response at **ECF No. 14**, the truth of the matter is that the notice of removal included as exhibits "(i) the Complaint filed by Plaintiff before the State Court and (ii) the summons served … these exhibits are the ones that establish ACOBA's right to the removal requested (i.e., timeliness and federal question as ground for removal)." Id at 2. Finally, a review of the document plaintiff claims was left out reveals that it simply "schedules the injunction hearing and lists certain procedural requirements expected to be complied by the parties in said hearing." Id. Thus, "in no way or manner does it establishes or affects the jurisdiction of this Honorable Court." Id at 2, *see* **14-3**.

## IV. Conclusion

For the foregoing reasons, plaintiff's motion to remand at **ECF No. 3** is **DENIED**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 29th day of January, 2021.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**