IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

FAUSTINO XAVIER BETANCOURT-COLON,

Plaintiff,

v.

ACOBA REALTY DEVELOPMENT, INC. et al.,

Defendants.

CIVIL NO. 20-1424 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

Plaintiff Faustino Xavier Betancourt-Colón ("Plaintiff" or "Betancourt") filed the present case in the Commonwealth Court challenging Defendant Supermercados Maximo, Inc.'s ("Defendant" or "Supermax") compliance of regulations under the Americans with Disabilities Act ("ADA"). The Complaint alleged ADA violations to the parking lot and access to the store, meat, customer service and deli counters, as well as the restrooms and access thereto. (Docket No. 1). On August 17, 2020, this case was removed to this Court. (Docket No. 1).

On October 2, 2023, both parties filed motions for summary judgment. (Docket Nos. 86 and 89). On January 10, 2024, the Court issued an Opinion and Order which granted in part and denied in part both motions. Specifically, the Court found for Plaintiff on the issue of the meat and customer service counters, as they were not ADA complaint. The Court found for Defendant on the deli counter, restroom areas, parking area and Article 1802 claims, and dismissed said claims accordingly. In addition, the Court ordered the parties to file additional briefs on the issue of attorney fees. (Docket No. 98).

On February 9, 2024, Plaintiff's counsel filed a "Motion for Attorney Fees" (Docket

Faustino Xavier Betancourt-Colon v. Acoba Realty Development, Inc., et al.
Civil No. 20-1424 (CVR)
Opinion and Order
Page 2

No. 101) seeking $48,520.00 in attorney's fees and reimbursement of $170.00 in costs and expenses, pursuant to Fed. R. Civ. P. 54(d)(1), Local Rule 54(a), and 42 U.S.C. 12205. Defendant filed a response (Docket No. 106) and Plaintiff's counsel replied (Docket No. 114).

For the reasons explained below, Plaintiff's counsel fee petition is GRANTED IN PART AND DENIED IN PART.

**STANDARD**

In any action or administrative proceeding commenced pursuant to § 12205, the court or agency, in its discretion, may allow the prevailing party, other than the United States, reasonable attorney's fees, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual.  42 U.S.C.A. §12205.

The term "prevailing party" is a "legal term of art" and "[t]he concepts that shape th[at] term apply broadly to the entire universe of federal fee-shifting statutes." Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res., 532 U.S. 598, 603, 121 S. Ct. 1835, (2001); Hutchinson ex rel. Julien v. Patrick, 636 F.3d 1, 8 (1st Cir. 2011).  To qualify as "prevailing party" under attorney fee provision, a plaintiff must obtain at least some relief on merits of claim.  Farrar v. Hobby, 506 U.S. 103, 113 S. Ct. 566 (1992).  The party seeking to recover fees must demonstrate (1) a material alteration of the legal relationship of the parties, (2) that possesses the requisite judicial *imprimatur*.  42 U.S.C.A. § 12205; Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.,

Faustino Xavier Betancourt-Colon v. Acoba Realty Development, Inc., et al.
Civil No. 20-1424 (CVR)
Opinion and Order
Page 3
_____

489 U.S. 782, 792-93, 109 S.Ct. 1486 (1989); Suárez-Torres v. Panadería y Repostería España, Inc., 988 F.3d 542 (1st Cir. 2021).

The Court finds Plaintiff is a prevailing party in this case as he obtained relief on two of his claims.

**LEGAL ANALYSIS**

**A. Prevailing party.**

    1. <u>Material change</u>

The Court finds Plaintiff has met the first requirement of prevailing party status -- that a material change occurred in the parties' legal relationship.  This occurs when the plaintiff succeeds on "any significant issue in litigation which achieves some of the benefit the [plaintiff] sought in bringing the suit." Tex. State Tchrs. Ass'n, 489 U.S. at 789, 109 S.Ct. 1486 (quoting Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933); Race v. Toledo-Dávila, 291 F.3d 857, 859 (1st Cir. 2002)  ("Thus, even though an individual may be entitled to attorney's fees without having obtained a favorable judgment following a full trial on the merits, he must obtain relief based on the merits of at least some of his claims")).

For starters, although Defendant contends that it voluntarily made the changes in the supermarket, those changes ensued because of the Complaint in this case.  As a result of the instant litigation, Supermax made substantial alterations to the store, to the point that <u>all</u> the claims regarding restrooms became moot.  By causing Defendant to take substantial steps toward ADA compliance, Plaintiff achieved at least some of the benefits

Faustino Xavier Betancourt-Colon v. Acoba Realty Development, Inc., et al.
Civil No. 20-1424 (CVR)
Opinion and Order
Page 4
_____

sought in filing his suit and, therefore, a material change occurred in the legal relationship

of the parties.

Additionally, a material change clearly occurred with the Court's ruling on the

request for summary judgment, which was on the merits of those claims. Although that

relief was limited to the meat and customer service counters, they nevertheless constitute

a material change in the relationship. The counters were not ADA compliant before the

changes, and Plaintiff was unable to use them. That is no longer the case after the Court's

Opinion and Order.

Thus, the first element has been met.

2. Judicial *imprimatur.*

The judicial *imprimatur* inquiry looks to the level of court involvement in the

parties' changed relationship. Buckhannon, 532 U.S. at 605-06, 121 S.Ct. 1835. That

changed relationship resulted because of the Court's finding at summary judgment. The

Court therefore examines this requirement considering its previous finding of the non-

complaint customer service and meat counters.

In Buckhannon, the Supreme Court identified only two outcomes that necessarily

satisfy the judicial *imprimatur* requirement, to wit: (1) "judgments on the merits" and (2)

"settlement agreements enforced through a consent decree." Id. at 604, 121 S.Ct. 1835.

The First Circuit has held, however, that Buckhannon should not be read so narrowly as

to require courts to "look exclusively at the label attached to a particular order."

Hutchinson, 636 F.3d at 9. Thus, the fact that no judgment *per se* was entered in favor of

Plaintiff is not dispositive.  The Court must consider both the content and the context of the order by applying the following factors identified by the <u>Hutchinson</u> Court, to wit: (1) "whether the change in the legal relationship between the parties was 'court-ordered,'" (2) "whether there was 'judicial approval of the relief vis-à-vis the merits of the case,'" and (3) "whether there exists continuing 'judicial oversight and ability to enforce the obligations imposed on the parties.'" <u>Id</u>.

The Court finds that the change in the parties' legal relationship was court-ordered. The Court granted summary judgment on the merits of the controversy surrounding the meat and customer service counters.  As a result, thereof, the Court made a specific finding that the counters were non-compliant, and ordered Supermax to effect substantial changes to the two counters in question.

Turning to the second factor, the Court must determine whether it "engaged in a sufficient appraisal of the merits" even in the absence of a judgment on the merits as in the present case.  <u>Id</u>., at 10.  Again, the answer is yes, for the same reasons as the previous element.  Summary judgment was granted in favor of Plaintiff and discussed the merits of whether two counters complied with the ADA's requirements.  The Court's analysis was comprised of twenty pages and resolved the controversy in full.

The third and final factor requires an assessment of whether the order imposes "an obligation to comply" and whether there exists "judicial oversight to enforce that obligation."  This element is also met. As a result of the Court's findings on summary judgment, the Court ordered Supermax to implement the necessary changes to bring its

counters to be ADA compliant.  Supermax then submitted a proposed plan, and the Court specifically approved of said plan.  (Docket Nos. 99 and 109).  Plaintiff posed no objections to the remedial measures suggested and eventually implemented by Defendant.

In view of the above, Plaintiff is a prevailing party and is entitled to attorney's fees in this case.

### B.  Amount of attorney's fees.

The Court must first calculate the prevailing hourly rate, revise the time spent performing the various legal tasks, and finally subtracting those which are excessive, duplicative, or unnecessary. Tejada-Batista v. Fuentes-Agostini, 263 F.Supp. 2d 321, 326-27 (D.P.R. 2003).  The hourly rate should be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Id. (quoting Blum v. Stenson, 465 U.S. 886, 895, n. 11, 104 S.Ct. 1541 (1984)); Top Entertainment v. Torrejón, 349 F.Supp.2d 248 (D.P.R. 2004) (fees awarded at local rate). "In reaching its determination, the court may rely upon its own knowledge of attorney's fees in the community." Rodríguez v. Int'l Coll. of Bus. and Tech., Inc., 356 F.Supp.2d 92, 96 (D.P.R. 2005) (citing Missouri v. Jenkins by Agyei, 491 U.S. 274, 285, 109 S.Ct. 2463 (1989)).

In evaluating the appropriate fee amount, it has been established that a court may reduce attorneys' fees because of "(1) the overstaffing of a case, (2) the excessiveness of the hours expended on the legal research or the discovery proceedings, (3) the

redundancy of the work exercised, or (4) the time spent on needless or unessential matters." Hernández-Meléndez v. Puerto Rico, No. 14-01493, 2014 WL 4260811, at *2 (D.P.R. Aug. 29, 2014) (*quoting* Serrano v. Ritz-Carlton San Juan Hotel Spa & Casino, 808 F.Supp.2d 393, 398 (D.P.R. 2011)).

As to the reasonable hourly rate, Attorney Vélez-Colón seeks an hourly rate of $300.00 plus a $50.00 upward increase for his qualifications and experience in handling ADA cases and the complexity of the instant case. Thus, Attorney Vélez-Colón seeks an hourly rate of $350.00. Nonetheless, Attorney Vélez-Colón makes no distinction of his hourly rate between in-court work and out-of-court work. He supports his rate on his own affidavit in which he highlights his eleven years of experience in representing Plaintiffs in over 400 ADA cases and mentions some aspects of this case. The reasonably hour rate for this case should be determined using the prevailing rate for comparably qualified attorneys in San Juan, Puerto Rico.

Based on the Court's legal research of recent cases and knowledge of local rates, experienced attorneys in Puerto Rico earn $250.00 to $300.00 per hour, associates earn $150.00 to $200.00 per hour, and paralegals earn $50.00 to $100.00 per hour. *See, e.g.,* Hermandad Independiente de Empleados Telefónicos v. P.R. Tel. Co., No. 18-1220 (BJM), 2019 WL 13200065, at *2 (D.P.R. Aug. 12, 2019) (collecting cases); and Bd. of Trustees v. ILA Loc. 1740, AFL-CIO, No. CV 18-1598 (SCC), 2022 WL 4591843, at *3 (D.P.R. Sept. 30, 2022) (awarding $300.00 per hour rate for in-court work and $275.00 per hour rate for out-of-court work to an attorney who graduated first in his class from

the University of Puerto Rico School of Law, served as associate director of the law review, received an LLM from Columbia University School of Law and has more than thirty years of litigation experience*; and* awarding $265.00 to an attorney with ten years of litigation experience, who has been recognized by national publications in employee benefits law; and has written several articles and delivered presentations about ERISA litigation).

In the instant case, all the hours spent by Attorney Vélez-Colón were for out-of-court work. Thus, there is no need for the Court to determine a reasonable in-court hourly rate for Attorney Vélez-Colón. The Court agrees with Defendant that this case is not complex, more so considering that Attorney Vélez-Colón's line of expertise is in ADA cases, and he uses the same testers as Plaintiffs. Considering Attorney Vélez-Colón's qualifications, competence, experience, reputation, and skill, the Court will compensate Attorney Vélez-Colón at an hourly rate of $200.00 for out-of-court work.

The Court has performed a thorough analysis of the hours submitted by Attorney Vélez-Colón that he worked in this case. The Court has attached to this Order Plaintiff's Corrected Invoice (Exhibit A) adding in <span style="color:red">red</span> the Court's determined hourly rate of $200.00. (Docket No. 102-1). The Court has also made some reductions in the attorney's fees, which are included in Exhibit A, for the following reasons:

- Any work performed by Plaintiff's counsel prior to the removal of this case to this Court on August 17, 2020, constitutes time spent on unessential matters caused by Plaintiff's counsel decision to wrongly file an ADA case in state court rather that in federal court where proper jurisdiction under the ADA lies.

Faustino Xavier Betancourt-Colon v. Acoba Realty Development, Inc., et al.
Civil No. 20-1424 (CVR)
Opinion and Order
Page 9
_____

(Docket No. 1).   For the same reason, hours spent on analysis and review of the

state court case were also eliminated. See pages 3 & 5 of Exhibit A.

- Hours dedicated to the study of non-ADA jurisprudence and time spent on

  other cases in which Mr. Betancourt is the Plaintiff as well have been reduced

  as time spent on needless and unessential matters.[1] See pages 6, 17, 18 of

  Exhibit A.

- Hours spent in preparation for the mediation sessions including reviewing the

  case, conducting site inspections, among others, considering Attorney Vélez-

  Colón's experience in ADA cases and his knowledge of the instant case were

  eliminated as excessive and/or duplicative.

- The changes that were agreed upon by both parties were incorporated. (Docket

  Nos. 106, 114).

- Other billed items were eliminated as the Court determined that they were

  excessive, unnecessary and/or duplicative.

## CONCLUSION

For the foregoing reasons, Plaintiff's counsel's "Motion for Attorneys' Fees, Costs

and Expenses" (Docket No. 101) is GRANTED IN PART AND DENIED IN PARTED. The

Court grants Plaintiff's request for attorney's fees and costs at an hourly rate of $200.00

_____

[1] The Court has considered that Attorney Vélez-Colón uses the same testers as Plaintiffs in the ADA cases that he files. Plaintiffs are experienced and versed in the federal legal system in Puerto Rico, including Plaintiff Betancourt in this case who has vast experience as a tester in ADA cases as per Attorney's Vélez-Colón's own admission, requiring minimal legal explanations of the judicial proceedings, instructions for site inspections, among others.

Faustino Xavier Betancourt-Colon v. Acoba Realty Development, Inc., et al.
Civil No. 20-1424 (CVR)
Opinion and Order
Page 10
_____

for a total of $21,880.00, in addition to $170.00 for reimbursement of costs and expenses.

     IT IS SO ORDERED.

     In San Juan, Puerto Rico, on this 18th day of June 2024.

                    S/CAMILLE L. VELEZ-RIVE
                    CAMILLE L. VELEZ RIVE
                    UNITED STATES DISTRICT JUDGE